UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

DON PAN FLAGLER 107, INC.
d/b/a Don Pan Bakery and
MARATHON ENTERPRISE OF
MIAMI, INC.

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Don Pan Flagler 107, Inc. d/b/a Don Pan Bakery and Defendant Marathon Enterprise of Miami, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA and ADAAG.

5.     Defendant Don Pan Flagler 107, Inc. (also referenced as "Defendant Don Pan Flagler," "operator," "lessee" or "co-Defendant") is a Florida for profit corporation.  On information and belief, Don Pan Flagler 107, Inc. is a related entity to the various corporate entities also operating Don Pan International Bakery brand Spanish/Latin American bakeries and restaurants operating in South Florida.

6.     Defendant Marathon Enterprise of Miami, Inc.  (also referenced as "Defendant Marathon," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation.  Defendant Marathon is the owner of the "Holiday Plaza Shopping Center" which is real property built out as a mixed-use strip shopping mall which is located at 1 SW 107 Avenue, Miami Florida 33174, which is also referenced as Folio 25-4005-049-0040. Defendant Marathon leases its mixed-use strip mall (in part) to public accommodations including (but not limited to) the Good Chef Restaurant, the La Nonna Italian Restaurant, Spice N Curry Restaurant, a Domino's pizza parlor, and a Metro T Mobile store. Defendant Marathon also leases a portion of its strip mall to co-Defendant Don Pan Flagler which in turn operates its Don Pan Bakery (which is the subject of this instant action) at that location.

## FACTS

7. Don Pan Bakery is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as it is a restaurant which serves Latin American style food and drinks and §12181(7)(E) as a bakery as it also serves Latin American style baked goods, as well as pursuant to 28 C.F.R. §§36.104(2) and (5) (as a restaurant and bakery, respectively). The Don Pan Bakery restaurant and bakery located at 1 SW 107 Avenue (which is within Defendant Marathon's Holiday Plaza Shopping Center) which is the subject of this complaint is also referenced as "Don Pan Bakery," "Don Pan Bakery restaurant and bakery," "restaurant and bakery," or "place of public accommodation."

8. As the operator of restaurant and bakery which is open to the public, Defendant Don Pan Flagler is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant and bakery pursuant to 42 U.S.C. §12182, §§12181(7)(B) & (E) and 28 C.F.R. §§36.104(2) & (5).

9. Due to the close proximity to Plaintiff's relatives/family to the Don Pan Bakery, on December 27, 2021 Plaintiff went to the Don Pan Bakery restaurant and bakery to purchase a baked goods and to enjoy eating his purchase in the restaurant.

10. On entering the restaurant and bakery, Plaintiff had difficulty parking and perambulating to the entrance due to the non-compliant slope of the accessible parking spaces and isles. Further, Plaintiff could not enjoy his purchased item within the restaurant and bakery due to the non-compliant seating area. When Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11.     Due to the non-compliant facilities, Plaintiff has been denied full and equal access by the operator/lessee of the restaurant and bakery (Defendant Don Pan Flagler) and by the owner/lessor of the Holiday Plaza Shopping Center which houses the restaurant and bakery (Defendant Marathon).

12.     As a part of a chain of Don Pan Bakeries, Defendant Don Pan Flagler is well aware of the ADA and the need to provide for equal access in all areas of its restaurant and bakery. Therefore, Defendant Don Pan Flagler's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Don Pan Bakery restaurant and bakery is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13.     As the owner of the Holiday Plaza Shopping Center which is operated as various restaurants and retail stores open to the public (including Don Pan Bakery), Defendant Marathon is also a "Public Accommodation" pursuant to 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §§36.104(2) & (5). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Marathon is aware of the ADA and the need to provide for equal access in all areas of its strip shopping mall which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and test for compliance with the ADA/ADAAG at Don Pan Bakery, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

5

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Don Pan Bakery1 SW 107 Avenue, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Don Pan Flagler (operator of the restaurant and bakery) and Defendant Marathon (owner/lessor of the Holiday Plaza Shopping Center that houses that restaurant and bakery) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Don Pan Bakery in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Don Pan Bakery located within the Holiday Plaza Shopping Center.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

6

25. The Holiday Plaza Shopping Center which is owned by Defendant Marathon and which houses Don Pan Bakery (operated by lessee Defendant Don Pan Flagler) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the owner and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as some of the designated accessible parking space access isles are on an excessive slope. The fact that some of the parking space access isles are on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that parking space access aisles must be at the same level as the parking spaces they serve and that changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that parking space access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

   ii. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as some of the designated accessible parking spaces are located on an excessive slope. Failure to provide accessible means of egress from all of the accessible parking spaces to the entrance of the Holiday Plaza Shopping Center (and the Don Pan Bakery located therein) due to the non-compliant slope of some of the accessible parking spaces a violation of 2010 ADA Standards for Accessible Design Sections 207.1 (general compliance with building codes) and 502.4. Section 502.4

7

   states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions,

 iii. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. As to Defendant Don Pan Flagler, signage is mounted on the door leaf, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

 iv. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff was unable to sit in the restaurant and enjoy his food purchase due to Defendants' failure to provide interior seating which is accessible. Defendants' failure to provide designated handicapped seating accessible by wheelchair, is in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the

   seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

v. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the lavatory without assistance, as it does not have the required maneuvering clearance due to the encroaching trash can, which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.13.6 of the ADAAG which delineates maneuvering clearances at doors (clearance to the wall plane next to the door, latch-side clearance on the push side to operate the latch and maneuver through the door against the force of a closer, and forward and side approach clearances (see figures at 4.13.6). This is also a violation of Section 404.2.4 (swinging doors maneuvering clearance) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525

    mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

vii. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

viii. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the

        reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

ix. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

x. As to Defendant Don Pan Flagler (lessee/operator) and Defendant Marathon (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is also a violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that, when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Don Pan Bakery restaurant and bakery accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter its strip shopping mall and the Don Pan Bakery located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Marathon Enterprise of Miami, Inc. (owner of the Holiday Plaza Shopping Center housing the Don Pan Bakery) and Defendant Don Pan Flagler 107, Inc. (operator of that Don Pan Bakery) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the Holiday Plaza Shopping Center and the Don Pan Bakery located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this __ day of January 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

13